Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 199 | **DATE** | 3/30/04 |
| **CASE TITLE** | United States of America ex rel. Armando Manzanares v. Warden Blair L. Leibach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Manzanares' Petition for Writ of Habeas Corpus

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Manzanares' petition for writ of habeas corpus (Doc. # 1) is denied. This case is terminated.

(11) [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 31 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | /3 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| aed/lc | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ARMANDO MANZANARES, | ) ) ) ) ) |
| Petitioner, | ) ) ) No. 01 C 199 |
| v. | ) ) ) HONORABLE DAVID H. COAR ) |
| v. WARDEN BLAIR L. LEIBACH, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is petitioner Armando Manzanares's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the court denies the petition.

**I.  Habeas Corpus Standard**

A writ of habeas corpus remedies a situation where a petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S. Ct. 2546 (1991) (internal quotations and citation omitted). Before a federal court can reach the merits of a petition for a writ of habeas corpus brought under 28 U.S.C. § 2254, the petitioner must exhaust the available state-court remedies. Habeas corpus petitioners exhaust their state-court remedies when: (1) they present them to the highest court of the state; or (2) no state remedies remain available to the petitioner at the time that the federal petition is filed. *See* 28 U.S.C. § 2254(c); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991).

Procedural default is a barrier that generally prohibits a federal court from examining the merits of a habeas corpus petition. Procedural default occurs when: (1) a petitioner fails to

present his federal claims to the state court on direct appeal or post-conviction review, *see Farrell*, 939 F.2d at 410; or (2) the state court clearly relies on a state procedural bar as an independent basis for its denial of relief. *See Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S. Ct. 2633 (1985). If a petitioner has procedurally defaulted on any claim, this court can only grant relief if: (1) there is adequate cause for his failure to raise the claim in state court and prejudice resulting from the default (*i.e.*, "cause and prejudice"), *see Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497 (1977)); or (2) default would result in a "fundamental miscarriage of justice," *see Coleman*, 501 U.S. at 750.

Thus, federal courts may only reach the merits of petitioners' claims where they have exhausted their state-court remedies and avoided procedural default of their claims. *See Lostutter v. Peters*, 50 F.3d 392, 394 (7th Cir. 1995). Even where a federal court can reach the merits of a petitioner's claim, relief is only warranted in certain circumstances. Following the Anti-Terrorism Death Penalty Act of 1996 ("AEDPA"), federal courts must defer to state courts' factual findings and may only review their decisions to ensure the state courts' compliance with "clearly established federal law." 28 U.S.C. § 2254. More specifically, to prevail, a habeas corpus petitioner must show that adjudication of the case: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254.

Only the state court's application of federal law is even arguably implicated by petitioner's claims. Whether a decision was based upon an unreasonable application of federal

law presents mixed questions of law and fact. *Lindh v. Murphy*, 96 F.3d 856, 870 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S. Ct. 2059 (1997). To warrant relief, a state court's decision must be "objectively unreasonable" (rather than merely "incorrect" or "erroneous"). *Williams v. Taylor*, 529 U.S. 362, 410-11, 120 S. Ct. 1495 (2000). A state court's application of Supreme Court precedent to the facts of a given case is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997).

## II. Procedural Background

On June 30, 1997, Manzanares was charged in the Circuit Court of Cook County with two counts of home invasion, one count of armed robbery, and one count of aggravated unlawful restraint. Manzanares, represented by counsel, filed a motion *in limine* prior to trial, contending that the State should not be permitted to impeach him with evidence of his three prior felony drug convictions or the fact that he brought contraband into a penal institution. The court allowed only the evidence of the three prior convictions to be admitted and gave the jury a limiting instruction. Following a jury trial, Manzanares was convicted of armed robbery and aggravated unlawful restraint. He was sentenced to concurrent terms of 18 and 4 years in prison, respectively, on February 13, 1998.

Manzanares subsequently appealed, and on July 14, 1998, the Public Defender filed a motion for leave to withdraw as appellate counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). In her supporting memorandum, appellate counsel cited two potential claims for appeal: (1) that the state failed to prove him guilty beyond a reasonable doubt; and (2) that his sentence was improper. She also stated her belief that both claims were

-3-

meritless and that no issues of merit existed to support an appeal. Petitioner responded with a brief setting forth a single claim -- that the trial court erroneously allowed his three prior convictions for possession of a controlled substance to be used for impeachment purposes. (In support of his claim and his opposition to the *Anders* motion, he also contended that the prejudicial impact of the improper evidence could not be discerned from the record.) The petitioner did not address the two particular claims raised by counsel in her motion. In a two-paged order dated December 28, 1998, the Illinois Appellate Court, First District, granted appellate counsel's *Anders* motion and affirmed the trial court's judgment. The court stated that, upon review of the record and the briefs, it found "no issues of arguable merit." The court also specifically addressed the sole claim raised by Manzanares and found that even if the evidence of his prior convictions was improper, its admission. The court reasoned that any error was harmless because Manzanares had admitted to the crime, he knew the victim, and the jury was given a limiting instruction.

Subsequently, Manzanares filed a petition for leave to appeal in the Illinois Supreme Court, raising the same issue (*i.e.*, that the trial court erroneously allowed his three prior convictions for possession of a controlled substance to be used for impeachment purposes). The supreme court denied his petition on June 2, 1999.

On June 26, 1999, proceeding *pro se*, Manzanares filed a petition for post-conviction relief in the trial court, pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.* In it, he alleged that his constitutional due process rights were violated in the following four ways: (1) the State failed to prove him guilty beyond a reasonable doubt; (2) his sentence was improper; (3) the trial court erred in denying his pre-trial motion *in limine* to bar admission

of his three prior convictions for possession of a controlled substance; and (4) the State's Attorney's closing argument bolstered State witnesses' false testimony. His fifth and sixth constitutional claims were that he received ineffective assistance of trial counsel and he received ineffective assistance of appellate counsel.[1] Manzanares alleged that his trial counsel was ineffective by: (1) failing to investigate "any and all facts of the case at bar;" (2) failing to call any witnesses to testify on behalf of him whose testimony "may have resulted to [sic] the acquittal of [Manzanares];" (3) failing to file a motion to suppress evidence; (4) failing to question the officers concerning Manazanares' alleged confession; and (5) failing to raise an issue concerning inconsistencies in the state's investigation of the crime scene. He alleged that his appellate counsel rendered ineffective assistance by withdrawing, when there were "many issues of arguable merit," including the erroneous admission of his prior convictions.

On September 24, 1999, the trial court dismissed Manzanares' petition, finding that it was "frivolous and patently without merit." *See* 725 ILCS 5/122-2.1(a)(2). More specifically, the court found that all of Manzanares' claims but the sixth claim should be deemed waived because the appellate defender's *Anders* brief served to notify the court that there was nothing in the record to support a meritorious appeal. However, the trial court nonetheless proceeded to analyze both ineffectiveness claims on their merits and found that they both failed.

As to petitioner's claim concerning his trial counsel's ineffectiveness, the trial court first noted petitioner's failure to attach affidavits, records, or other evidence supporting his allegations

---

[1] This court is adopting the trial court's characterization of Manzanares' six post-conviction claims. Although this court might characterize them slightly differently if doing so *de novo*, the trial court's characterization was generous (in terms of identifying possible constitutional claims), and any potential difference in how this court would characterize the claims is wholly immaterial herein.

or to state why the same were not attached, as required under Illinois law. *See* 725 ILCS 5/122-2. Moreover, the trial court found that petitioner provided nothing more than bald, conclusory allegations to support the claim. Accordingly, the court found that petitioner failed to present evidence sufficient to meet both the state and federal constitutional standards for ineffectiveness. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *People v. Albanese*, 104 Ill.2d 504, 473 N.E.2d 1246 (1984).

The trial court also rejected petitioner's ineffective assistance of appellate counsel claim. The court stated that petitioner was required to demonstrate that his appellate counsel's performance (in withdrawing, rather than representing him) was patently erroneous and to demonstrate substantial prejudice therefrom, in that it likely affected the outcome of the appeal. Ultimately, the court found that petitioner failed to present any evidence to support his claim of ineffectiveness. Because he had failed to attach the *Anders* brief or any part of the record, he could not show that "any nonfrivolous legal issues existed."

Manzanares appealed the trial court's denial of his petition for post-conviction relief to the appellate court. On February 3, 2000, the Public Defender moved to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990 (1987), contending that there were no meritorious issues to be raised. In her supporting memorandum, she stated that the trial court did not err in dismissing the petition as patently frivolous and without merit. She cited petitioner's failure both to allege facts, rather than general conclusions, and to provide evidentiary materials, in support of his ineffectiveness claim(s). She also noted that petitioner's other constitutional claims were doomed because the appellate court's finding on direct appeal that there were no issues of any merit was *res judicata* and controlled the disposition of those

-6-

claims. Relatedly, she argued that those claims were inappropriate for post-conviction review, which covers only claims that were not and could not have been raised on direct appeal, *see People v. Steidl*, 177 Ill.2d 239, 250, 685 N.E.2d 1335 (1997)), whereas petitioner's claims were addressed by the appellate court on direct appeal. Alternatively, appellate counsel argued that petitioner had waived those claims by failing to raise them on direct appeal in his *Anders* response. In response, petitioner made only two claims – ineffective assistance of trial counsel and ineffective assistance of appellate counsel – and did not assert any of the other claims initially included in his petition for post-conviction relief.[2]

On June 16, 2000, the appellate court granted defense counsel's *Finley* motion and affirmed the judgment of the trial court. The appellate court specifically stated that it had reviewed the record and the parties' briefs and found "no issues of arguable merit."

Subsequently, Manzanares filed a petition for leave to appeal in the Illinois Supreme Court, raising only two claims – ineffective assistance of trial counsel and ineffective assistance of appellate counsel.[3] The supreme court denied his petition on October 4, 2000.

---

[2] Petitioner supported these claims by pointing to the same alleged errors to which he pointed in his petition for post-conviction relief. He also cited the allegedly erroneous admission of his prior felony convictions, but it is not clear whether he did so to assert a free-standing claim, or simply to support his claim of ineffective assistance of appellate counsel. He did not therein allege constitutional error in the admission of the convictions.

[3] Again, petitioner asserted the same grounds for his ineffectiveness claims as he did in his petition for post-conviction relief and his direct appeal of the trial court's denial of the same. Moreover, petitioner again arguably raised the issue of the admission of his three convictions in his petition, ostensibly in connection with his claim that his appellate counsel was ineffective for failing to pursue the issue and instead withdrawing. Whether petitioner properly preserved the evidentiary issue as a free-standing claim is irrelevant herein, as the government does not contend that the issue was procedurally defaulted).

-7-

On December 29, 2000, Manzanares filed the instant petition for a writ of habeas corpus.[4] He raised the same six claims in this petition as he had raised in his initial petition for post-conviction relief in state court: (1) the State failed to prove him guilty beyond a reasonable doubt; (2) his sentence was improper; (3) the trial court erred in denying his pre-trial motion *in limine* to bar admission of his three prior convictions for possession of a controlled substance; (4) the State's Attorney's closing argument bolstered State witnesses' false testimony; (5) he received ineffective assistance of trial counsel; and (6) he received ineffective assistance of appellate counsel.[5]

### III. Analysis

#### A. Petitioner's First, Second, and Fourth Grounds for Relief Are Procedurally Barred.

As a general matter, Illinois law "requires persons seeking post-conviction relief to pursue their appellate remedies." *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993). Specifically, this means that Illinois petitioners not only must exhaust their state court remedies, but also must present their claims through "one complete round" of the appellate process or be subject to procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999). Although Manzanares exhausted his state remedies, the three claims asserted as his first, second, and fourth grounds for relief herein (*i.e.*, (1) the State failed to prove him guilty beyond a reasonable doubt; (2) his sentence was improper; and (4) the State's Attorney's closing argument

---

[4] When Manzanares filed the instant petition, he was in the custody of Blair L. Leibach, Warden of Danville Correctional Center, located in Danville, Illinois. He has since informed the court that he was subsequently transferred to Big Muddy River Correctional Center in Ina, Illinois.

[5] Manzanares cited the same grounds for his ineffectiveness claims as he did in his state post-conviction petition.

bolstered State witnesses' false testimony) were not presented to the state courts in the requisite manner and are procedurally barred.

Ordinarily, these three claims would have been procedurally defaulted by virtue of petitioner's initial failure to raise them on direct appeal (where he could have done so). *See Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990) ("[c]laims not raised on appeal in the state courts are procedurally defaulted"); *see also Boerckel*, 526 U.S. at 845; *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir. 1983). The state appellate court arguably resurrected these claims, however, during petitioner's post-conviction proceedings.[6] Regardless, the claims were irrevocably defaulted when petitioner failed to present them to the Illinois Supreme Court when he sought leave to appeal following the appellate court's decision.

The requirement that petitioners present their claims through "one complete round" of the appellate process or face procedural default (*see, supra, Boerckel*, 526 U.S. at 845) applies with equal force in the context of post-conviction proceedings. That is, failure to pursue a discretionary post-conviction appeal to the highest court of the state bars resort to federal habeas corpus relief. *White v. Godinez*, 192 F.3d 607 (7th Cir. 1999); *Jenkins v. Gramley*, 8 F.3d 507. Because petitioner failed to raise grounds one, two, and four in "one complete round" of Illinois' appellate review procedure, they are subject to procedural default. *See, e.g., Luczak v. Schomig*,

---

[6] As noted above, Manzanares raised these claims in his petition for post-conviction relief, which the trial court dismissed. He failed again, in appealing the trial court's denial of his petition, to present these claims to the appellate court. However, in ruling on petitioner's appeal and the *Finley* motion, the appellate court held that, upon review of the record and the briefs, it found "no issues of arguable merit." With this ruling, the appellate court ruled upon *all* of the claims raised in Manzanares' petition, and thereby arguably breathed new life into the three claims that Manzanares had previously waived. *Cf., Wilkinson v. Cowan*, 231 F.3d 347, 348-351 (7th Cir. 2000); *Howard v. Detella*, No. 95-3123, 1996 U.S. App. LEXIS 17727, at *3-4 (7th Cir. July 16, 1996).

No. 01 CV 09352, 2003 U.S. Dist. LEXIS 4814, at *15-16 (N.D. Ill. Mar. 27, 2003) (holding that certain of petitioner's claims were defaulted because they were not presented to the state appellate court and the Illinois Supreme Court in his appeal of the denial of his post-conviction petition; they were not presented as required in "'one complete round' of Illinois' established appellate review process").

Because these three claims are procedurally defaulted, the court can address their merits only if petitioner can demonstrate cause and prejudice (*see*, *supra*, *Wainwright*, 433 U.S. at 87) or that default would result in a fundamental miscarriage of justice (*see*, *supra*, *Coleman*, 501 U.S. at 750). To show cause and prejudice, he must demonstrate that there is adequate cause for the default and that the errors of which he complains worked to his "actual and substantial disadvantage, infecting his entire trial" with constitutional error. *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1050 (7th Cir. 2001) (internal quotations and citation omitted). To show that a fundamental miscarriage of justice would result from default, petitioner must demonstrate that the constitutional violation has probably resulted in the conviction of an individual who was actually innocent. *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851 (1995)).

Petitioner has not contended that his default should be excused on either basis. Although this court is not obligated to delve into the materials presented to it in search of support for either exception, it has done so and found nothing in that vein. Accordingly, grounds for relief one, two, and four are procedurally barred and this court will not consider them on their merits.[7]

---

[7] Even if these claims were not procedurally barred, they would not afford petitioner the relief he seeks. His first claim is based on the sufficiency of the evidence, and it is annihilated by the state court's crediting of the evidence that defendant confessed to the crimes of which he was convicted. Indeed, the

-10-

## B. Petitioner's Third Ground for Relief Fails on the Merits.

Petitioner's third ground for relief is that the trial court erred in denying his motion *in limine* to prohibit admission into evidence of his three prior convictions (for impeachment purposes). Because this claim was adjudicated by the state court, this court cannot grant petitioner the relief he seeks unless the state court's decision was contrary to or involved an unreasonable application of federal law or was based on an unreasonable determination of the facts. Again, only the reasonableness of the state court's application of federal law is even arguably implicated by petitioner's claim. The state court did not unreasonably apply federal law in allowing the admission of petitioner's prior convictions.

As an initial matter, petitioner's claim is not, in substance, cognizable on federal habeas review. "Violations of state evidentiary laws generally do not form the basis upon which federal habeas corpus relief can be granted. A habeas proceeding concerns only whether federal constitutional rights were infringed." *United States ex rel. Searcy v. Greer*, 768 F.2d 906, 910 (7th Cir. 1985) (citation omitted). Although petitioner has made the conclusory assertion that the admission of this evidence violated his due process rights, he has not even attempted to explain that assertion or to make any argument to support his claim of a constitutional violation.

---

appellate court -- once explicitly and once implicitly – found that this argument was without merit. Petitioner's second claim is non-cognizable on federal habeas review, as it does not implicate a federal constitutional concern and petitioner's sentence fell within the statutory limit. *See Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994). Finally, his claim regarding the prosecutor's alleged improper closing argument – which referenced the testimony of state witnesses whom petitioner contends were lying – is patently meritless and devoid of constitutional dimensions. *Cf., Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464 (1986) (to prevail on habeas claim concerning prosecutorial misconduct, petitioner must demonstrate that "the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process") (internal quotations and citation omitted). *See also, infra, United States ex rel. Searcy v. Greer*, 768 F.2d 906, 910 (7th Cir. 1985).

Stripped of petitioner's own designation of his claim as a constitutional one, it is essentially a claim that the state violated its own laws, and, as such, is not cognizable herein. *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 817 (1984) ("[a] federal court may not issue the writ on the basis of a perceived error of state law"); *Steward v. Gilmore*, 80 F.3d 1205, 1214 (7th Cir. 1996) ("[v]iolations of state law alone are, of course, not cognizable in federal habeas corpus proceedings[; a] habeas petitioner must show that the state law violation resulted in a violation of federal constitutional rights").

Even accepting petitioner's specious characterization of his claim, it fails on the merits. "To be of constitutional import, an erroneous evidentiary ruling must be so prejudicial that it compromises the petitioner's due process right to a fundamentally fair trial . . . . This means that the error must have produced a significant likelihood that an innocent person has been convicted." *Howard v. O'Sullivan*, 185 F.3d 721, 723-24 (7th Cir. 1999) (internal citations omitted). Here, the petitioner testified at trial. He also admitted to the crimes for which he was convicted (as the state appellate court, crediting the testimony of the State's witnesses, concluded). Moreover, the jury was given a limiting instruction. On these facts, the admission into evidence of petitioner's prior convictions did not violate his federal constitutional rights. *See United States ex rel. Mitchell v. Chrans*, No. 99 C 8466, 2003 U.S. Dist. LEXIS 5150, at *8 (N.D. Ill. Mar. 31, 2003) (admission of petitioner's prior conviction in case where petitioner testified did "not rise to the level of a constitutional problem").

### C. Petitioner's Fifth and Sixth Grounds for Relief Fail on the Merits.

As noted above, on post-conviction review, the trial court found that petitioner's ineffective assistance of trial counsel claim was procedurally barred, but that his ineffective

assistance of appellate counsel claim was properly preserved. "Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review." *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002) (citation omitted). *See also Coleman*, 501 U.S. at 729-730; *Franklin v. Gilmore*, 188 F.3d 877, 881 (7th Cir. 1999). Nonetheless, the court proceeded to address the merits of both claims, and this court will, therefore, review its disposition of both claims.[8]

In doing so, this court must defer substantially to the state court's rulings. The state court found both of petitioner's ineffective assistance of counsel claims to be meritless, and this court may not disturb its ruling "unless the judgment in place is based on an error grave enough to be called unreasonable." *Lindh*, 96 F.3d at 870 ("when the dispute lies not in the meaning of the Constitution, but in its application to a particular set of facts . . . § 2254(d)(1) restricts the grant of collateral relief to cases in which the state's decision reflects 'an unreasonable application of' the law").

To establish ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice. *Strickland*, 466 U.S. at 687-88. *Strickland* and its progeny govern claims attacking the performance of trial counsel and appellate counsel, alike. *Mason v. Hanks*, 97 F.3d 887, 892-93 (7th Cir. 1996). Performance is deficient when it falls below the legal profession's objective standards for reasonably effective representation. *Strickland*, 466 U.S. at

---

[8] Because the court did not unequivocally and exclusively rest its judgment concerning the trial counsel ineffectiveness claim upon the procedural bar thereto, this court will review its decision. *Cf.*, *Ylst v. Nunnemaker*, 501 U.S. 797, 801, 111 S. Ct. 2590 (1991) ("if the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available") (citation omitted). *See also Jefferson v. Welborn*, 222 F.3d 286, 288 (7th Cir. 2000).

687-88. In alleging deficient performance, petitioner is required to "identify the acts or omissions of counsel that are unreasonable." *United States v. Hodges*, 259 F.3d 655, 658 (7th Cir. 2001) (internal quotations and citation omitted). Prejudice means a reasonable probability that, but for defense counsel's errors, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 694. To prevail, a petitioner must overcome the strong presumptions that counsel's performance fell within the wide range of reasonable professional assistance and that the original verdict was reliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838 (1993); *Hodges*, 259 F.3d at 658.

In analyzing petitioner's trial counsel ineffectiveness claim on post-conviction review, the trial court (whose judgment was subsequently affirmed by the state appellate court and supreme court) correctly proceeded under the framework established by *Strickland* and its progeny. In pertinent part, the court found that petitioner failed to support the claim with anything beyond his own bare, conclusory allegations, which were insufficient to meet *Strickland*'s standards. In light of petitioner's failure in that vein, this court cannot find that the state court unreasonably applied federal law in rejecting this claim. "[A] party must present evidence, not mere conclusory allegations" to support his claim that his counsel's performance was deficient in a certain respect. *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991) (citations omitted). *See also Enoch v. Gramley*, 70 F.3d 1490, 1498 (7th Cir. 1995) (where petitioner fails to allege "specific factual allegations" and instead makes "conclusory or speculative allegations" in support of ineffectiveness claim, he is not entitled to an evidentiary hearing, and his claim fails).

For essentially the same reason, the state court concluded that petitioner's claim of appellate counsel's ineffectiveness was doomed. Appellate counsel's performance is deficient if,

"without legitimate strategic purpose," she fails to appeal an issue that is both "significant and obvious." *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996). However, appellate counsel need not "raise every non-frivolous issue under the sun." *Mason*, 97 F.3d at 893. Where appellate counsel's performance is at issue, prejudice can be proven only where she failed to raise an issue that "may have resulted in a reversal of the conviction, or an order for a new trial." *Id.*

Petitioner contended at the post-conviction stage, as he does now, that his appellate counsel was ineffective for failing to pursue his claim concerning the admission of his three prior convictions and, instead, withdrawing. Citing petitioner's failure to attach the *Anders* brief or any portion of the record, the trial court here found that petitioner failed to present any evidence to demonstrate that *any* nonfrivolous issues for appeal existed (as necessary to fault his appellate counsel for withdrawing). As noted above, the state appellate court *twice* rejected this specific evidentiary claim on the merits. On these facts, petitioner can show neither deficient performance nor prejudice, and the trial court did not unreasonably apply federal law in rejecting petitioner's claim.

## IV. Conclusion

For the foregoing reasons, Manzanares' petition for a writ of habeas corpus is denied. This case is closed.

Enter:

David H. Coar

United States District Judge

Dated: March 30, 2004